# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | § § § |
| *Plaintiff,* | § Civil Action No. 4:22-CV-00340 § Judge Mazzant |
| v. | § § |
| HOLLY L. MOORE, and JEFFREY H. SIMPSON, | § § § |
| *Defendants.* | § § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Jeffrey H. Simpson's Motion to Alter or Amend Judgment and/or for Reconsideration and Motion to Stay Judgment (Dkt. #37). Having considered the motion, the response, and the relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

The facts of this interpleader action are fully set out in the Court's Memorandum Opinion and Order deciding the parties' cross-motions for summary judgment (the "Opinion"), which the Court issued on May 31, 2023 (Dkt. #35). In the Opinion, the Court granted Defendant Holly L. Moore's ("Moore") Motion for Partial Summary Judgment (Dkt. #26) and denied Defendant Jeffrey H. Simpson's ("Simpson") Motion for Summary Judgment (Dkt. #27). The Court specifically found that the Transamerica Life Insurance policy at issue (the "Policy") was the decedent Ian J. Simpson's (the "Decedent") separate property, and, as a result, that the Policy provision designating Moore as the primary beneficiary was not impacted by § 9.301 of the Texas Family Code or the divorce decree controlling Moore's divorce from the Decedent (the "Divorce

Decree") (Dkt. #35 at pp. 13–14). The Court entered a Final Judgment in favor of Moore on the same day that it entered the Opinion (Dkt. #36).

Simpson filed his motion for reconsideration on June 6, 2023 (Dkt. #37). Moore responded on June 9, 2023 (Dkt. #38), and Simpson replied on June 12, 2023 (Dkt. #39).

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for a general motion for reconsideration. *See, e.g.*, *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). A motion asking the Court to reconsider a prior ruling is therefore evaluated either as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60(b). *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). The applicable rule depends on when the motion was filed—if the motion was filed within twenty-eight days after the entry of judgment, it is analyzed under Rule 59, and, if it was filed outside of that time, it is analyzed under Rule 60. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam). Simpson filed his motion for reconsideration on June 6, 2023, within twenty-eight days of the Court's entry of final judgment (Dkt. #37). Accordingly, Rule 59(e) applies here.

Rule 59(e) serves the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). Thus, Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). Instead, to prevail on a Rule 59(e) motion, the movant must show: (1) a manifest error of law or fact; (2) an intervening change

in controlling law; (3) the availability of new evidence not previously available; or (4) that the motion is necessary to prevent manifest injustice. *See, e.g.*, *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). In this context, a "manifest error of law" is an error "that is plain and indisputable, and that amounts to a complete disregard for controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

A district court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, relief under Rule 59(e) is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479 ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.").

## ANALYSIS

Simpson has failed to identify any manifest errors of law or new evidence that warrant reconsideration. Rather, Simpson's motion for reconsideration rehashes arguments that the Court has already considered and rejected. As a consequence, the Court finds that the motion should be denied. *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005) ("A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments.").

Specifically, Simpson contends that the Opinion rests on the Court's "misanalysis" and "errors of law" concerning the application of the Divorce Decree and § 9.301 of the Texas Family Code (Dkt. #37 at pp. 7–15; 17–20). In addition, Simpson argues that the Court erroneously held that Moore holds an ownership interest in the Policy (Dkt. #37 at p. 17). But, despite Simpson's contentions to the contrary, his arguments concerning the impact of the Divorce Decree and § 9.301 are merely a restatement of arguments that the Court has already considered and rejected (Dkt. #27 at pp. 11–17; Dkt. #35 at pp. 8–14). Thus, neither of these arguments justify Simpson's

contention that the "extraordinary remedy" of reconsideration is warranted here. *See Templet*, 367 F.3d at 479; *PlasmaCAM, Inc. v. CNC Elecs., LLC*, No. 4:19-CV-00037, 2020 WL 7241331, at *2 (E.D. Tex. Dec. 9, 2020) (noting that "parties should present their strongest arguments upon initial consideration of a matter—motions for reconsideration cannot serve as vehicles for parties to restate, recycle, or rehash arguments that were previously made") (internal quotations omitted).

Likewise, Simpson's argument concerning Moore's ownership of the Policy is of no consequence because the Court has never held that Moore owns any part of the Policy (Dkt. #35). To be clear, the Court has held that the Policy was the Decedent's separate property because he acquired the Policy—and designated Moore as its beneficiary—before the marriage (Dkt. #35 at p. 7). As such, the Policy was not impacted by the Divorce Decree's language divesting Moore of her interest in life insurance policies held by the Decedent, as that language only purports to divide the "marital estate" (Dkt. #27, Exhibit 2 at p. 4). Likewise, it is not impacted by § 9.301, which by its plain terms, "appl[ies] to community property life insurance policies acquired during marriage." *Primerica Life Ins. Co. v. Simpson*, No. 1:10-CV-00163, 2011 WL 13238321, at *12 (W.D. Tex. Feb. 23, 2011). Neither of these holdings is dependent on a finding that Moore has an ownership interest in the Policy. Accordingly, the Court finds Simpson's argument regarding Moore's ownership of the Policy unavailing.

Simply put, Simpson has failed to demonstrate that he is entitled to the extraordinary relief that an order granting a motion for reconsideration provides. *Templet*, 367 F.3d at 478; *Hernandez v. Rush Enters., Inc.*, No. 4:19-CV-00638, 2021 WL 1163725, at *1 (E.D. Tex. Mar. 26, 2021) ("A district court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.") (internal quotations omitted). And so, the Court finds

4

that its original decision should stand.[1]

## CONCLUSION

It is therefore **ORDERED** that Defendant Jeffrey H. Simpson's Motion to Alter or Amend Judgment and/or for Reconsideration and Motion to Stay Judgment (Dkt. #37) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 20th day of June, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] Having determined that Simpson's request for reconsideration should be denied, the Court also denies Simpson's alternative request for an emergency stay pending the resolution of the reconsideration motion. To the extent that Simpson's request can be construed as a motion to stay the execution of this Court's judgment pending appeal, such a motion is denied as premature as Simpson has not yet filed a notice of appeal. *See* FED. R. CIV. P. 62; *Gregory v. Baucum*, No. 7:16-CV-00103, 2018 WL 10096597, at *1 (N.D. Tex. Feb. 23, 2018) (denying without prejudice motion to stay pending appeal when no appeal was yet pending).